PRENOVOST, NORMANDIN, DAWE & ROCHA
A Professional Corporation
KAREL ROCHA, SBN 212413
krocha@pnbd.com
JASON MEYER, SBN 299032
jmeyer@pnbd.com
2122 North Broadway, Suite 200
Santa Ana, California 92706-2614
Phone No.:   (714) 547-2444
Fax No.:     (714) 835-2889

Attorneys for NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH,
PA.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., as subrogee of Rockland Funding, LLC dba Westbrook Partners, Los Altos8 Investors, LLC and Los Altos8 Owner, LLC,<br><br>Plaintiff,<br><br>v.<br><br>RANDOLPH F. LAMB aka RANDY LAMB, an individual; LISA CAREY-LAMB, an individual; LAMB PARTNERS, LLC, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1.  **FRAUD**<br>2.  **CONVERSION**<br>3.  **BREACH OF FIDUCIARY DUTY**<br>4.  **UNJUST ENRICHMENT**<br>5.  **CIVIL CONSPIRACY** |

Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa., as subrogee of Rockland Funding, LLC dba Westbrook Partners, Los Altos8 Investors, LLC and Los Altos8 Owner, LLC, by and through its attorneys ("Plaintiff"), files a Complaint against Defendants, Randolph F. Lamb aka Randy Lamb, an individual; Lisa Carey-Lamb, an individual; and Lamb Partners, LLC (collectively, "Defendants"), and in support thereof alleges the following:

## PARTIES

1.  Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), is a corporation formed and existing in accordance with the laws of the Commonwealth of

1  Pennsylvania, with a principal place of business located at 1271 Avenue of the Americas, Floor 37, New York, New York 10020. National Union is a citizen of the Commonwealth of Pennsylvania and the State of New York.

2. Defendant, Randolph F. Lamb aka Randy Lamb ("Mr. Lamb"), a citizen of the State of California, is an individual person with an address of 535 Middlefield Road, Suite 190, Menlo Park, CA 94025.

3. Defendant, Lisa Carey-Lamb ("Ms. Lamb"), a citizen of the State of California, is an individual person with an address of 535 Middlefield Road, Suite 190, Menlo Park, CA 94025.

4. At all relevant times, Mr. Lamb and Ms. Lamb were married to each other.

5. Lamb Partners, LLC ("Lamb Partners"), is a limited liability company formed and existing in accordance with the laws of the State of California with a principal place of business located at 535 Middlefield Road, Suite 190, Menlo Park, CA 94025.

6. Mr. Lamb and Ms. Lamb are the sole members of Lamb Partners. Accordingly, Lamb Partners is a citizen of the State of California.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1332.

8. Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because Defendants reside in this district and a substantial part of the events giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

9. Rockland Funding, LLC dba Westbrook Partners, is a real estate investment company.

10. Rockland, through its related companies, owned 90% of Los Alstos8 Investors, LLC ("Investors").

11. The remaining 10% of Investors was owned by 1579 Miramonte Ave, LLC ("Miramonte"), a limited liability company of which Lamb Partners was a member.

12. Investors is the sole owner of Los Altos8 Owner, LLC ("Owner").

13. Lamb, an administrative officer of Owner, was responsible for the bookkeeping and banking of Owner and was an authorized check signer for Owner.

14. In this role, Lamb had access to and control of Owner's financial and banking information and records.

15. Between March 16, 2023 and April 26, 2024, Lamb completed a total of 16 unauthorized check and wire payments totaling $464,247.21 from Owner's account.

16. The above-referenced transactions were made for the benefit of Defendants and not for the benefit of Owner.

17. Eight of the unauthorized payments from Owner's account, totaling $280,450.00, were distributed directly to Lamb Partners.

18. The other eight unauthorized payments from the Owner's account, totaling $183,797.21, were distributed to other entities and/or individuals for the benefit of Defendants.

19. Mr. Lamb was able to conceal the scheme for several months because he had access to and control of Owner's financial and banking information and records.

20. Mr. Lamb's theft from Owner was discovered in April, 2024.

21. When confronted regarding the theft, Mr. Lamb could not provide a legitimate business reason for any of the fraudulent banking transfers.

22. As a result of the theft, Owner suffered a loss in the principal amount of $464,247.21.

23. National Union issued a policy of insurance (the "Policy") to Rockland in which National Union agreed to insure Rockland and its related companies, including Owner, for losses sustained due to fraud.

24. Pursuant to the Policy, National Union indemnified Rockland and its related companies, including Owner, for the losses that they sustained as a result of the Defendants' fraud.

25. As a result of indemnifying Rockland and its related companies, National Union has become subrogated to Rockland and its related companies, including Owner.

26. Despite demand, Defendants have not reimbursed Rockland, Owner or National Union for the loss caused due to the theft.

///

## COUNT I

## (FRAUD)

### National Union v. Mr. Lamb

27. National Union repeats and realleges the above allegations as if set forth herein.

28. By transferring $464,247.21 from Owner's account through the above-referenced transactions, Mr. Lamb represented to Owner that said purchases were made for the benefit of Owner.

29. These representations were false because the transfers of funds were made for the benefit of Defendants, not Owner.

30. The misrepresentations were made by Mr. Lamb with knowledge of their falsity and with the intent to defraud Owner.

31. Owner justifiably relied upon the misrepresentations of Defendant when it took no action to stop or prevent the transactions, took no action to reverse the transactions, and permitted Mr. Lamb to continue to have access to Owner's banking information.

32. Mr. Lamb's conduct was wanton and willful and committed with actual malice.

33. As a result of Mr. Lamb's fraud, Owner, and thus National Union, suffered a loss in the principal amount of $464,247.21 and is entitled to recover punitive damages in addition to compensatory damages.

## COUNT II

## (CONVERSION)

### National Union v. Mr. Lamb

34. National Union repeats and realleges the above allegations as if set forth herein.

35. Owner was the rightful possessor and owner of $464,247.21.

36. Without the consent of Owner and without lawful justification, Mr. Lamb deprived Owner of its rightful possession and ownership of $464,247.21 through his fraudulent actions as set forth above.

37. Despite demand, Mr. Lamb has not returned the $464,247.21 that he converted.

38. Mr. Lamb's conduct was wanton and willful and committed with actual malice.

39. As a result of the conversion, Owner, and thus National Union, suffered a loss in the principal amount of $464,247.21 and is entitled to recover punitive damages in addition to compensatory damages.

## COUNT III

### (BREACH OF FIDUCIARY DUTY)

**National Union v. Mr. Lamb**

40. National Union repeats and realleges the above allegations as if set forth herein.

41. As an administrative officer of Owner with responsibility for the bookkeeping and banking of Owner and access to and control of Owner's financial and banking information and records, Mr. Lamb owed a fiduciary duty to Owner to act in Owner's best interests and to refrain from stealing from Owner.

42. Mr. Lamb breached his fiduciary duty owed to Owner by engaging in the above-referenced fraudulent conduct.

43. Mr. Lamb's conduct was wanton and willful and committed with actual malice.

44. As a result of Mr. Lamb's breach of fiduciary duty, Owner, and thus National Union, suffered a loss in the principal amount of $464,247.21 and is entitled to recover punitive damages in addition to compensatory damages.

## COUNT IV

### (UNJUST ENRICHMENT)

**National Union v. All Defendants**

45. National Union repeats and realleges the above allegations as if set forth herein.

46. Defendants obtained a benefit from Owner in the total amount of $464,247.21 through Mr. Lamb's theft, as set forth above.

47. Specifically, the $464,247.21 misappropriated by Mr. Lamb was transferred (a) directly to Lamb Partners, of which Mr. Lamb and Ms. Lamb are the sole members, and (b) to other entities and/or individuals for the benefit of Defendants.

48. Defendants have retained such benefit by not returning $464,247.21 to Owner or National Union.

49. It is inequitable and unjust for Defendants to continue to retain the benefit that they received at the expense of Owner, $464,247.21, without disgorging such benefit.

50. As a result of the actions committed by Defendants, Owner, and thus National Union, suffered a loss in the principal amount of $464,247.21.

## COUNT V

### (CIVIL CONSPIRACY)

**National Union v. Defendants**

51. National Union repeats and realleges the above allegations as if set forth herein.

52. Defendants acted in concert and conspired to participate in a scheme to steal funds from Owner.

53. As detailed in the above paragraphs, Defendants carried out the scheme when Mr. Lamb, without authority from Owner, transferred funds totaling $464,247.21 from Owner's account (a) directly to Lamb Partners, of which Mr. Lamb and Ms. Lamb are the sole members, and (b) to other entities and/or individuals for the benefit of Defendants.

54. The actions of Defendants were wanton, willful and committed with actual malice.

55. As a result of the aforementioned conspiracy, Owner, and thus National Union, suffered a loss in the principal amount of $464,247.21 and is entitled to an award of punitive damages in addition to compensatory damages.

**WHEREFORE**, Plaintiff, prays judgment, on each and every cause of action, in its favor and against Defendants, jointly and severally, for compensatory damages in the amount of $464,247.21, together with punitive damages, as allowed by law, interest, costs and any further relief that the Court determines to be just and proper.

DATED: October 31, 2025           PRENOVOST, NORMANDIN, DAWE & ROCHA
                                  A Professional Corporation


                                  By:   /s/ Karel Rocha
                                  KAREL ROCHA
                                  Attorneys for NATIONAL UNION FIRE
                                  INSURANCE COMPANY OF PITTSBURGH, PA.